UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARRLIS DEWAYNE REEVES,

        Petitioner,

v.                                      CASE NO. 04-CV-40372-FL
                                        HONORABLE PAUL V. GADOLA

JOHN CASON,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S DISPOSITIVE MOTION
AND
DISMISSING HABEAS CORPUS PETITION AS TIME-BARRED**

Before the Court is petitioner Carrlis Dewayne Reeves' habeas corpus petition under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state conviction for first-degree criminal sexual conduct. Also before the Court is respondent John Cason's motion for summary judgment and dismissal of the habeas petition. Respondent argues that the habeas petition is barred from substantive review by the statute of limitations. The Court agrees with Respondent for reasons set forth below.

**I. Background**

On January 30, 2002, Petitioner pleaded no contest in Genesee County Circuit Court to one count of first-degree criminal sexual conduct. *See* MICH. COMP. LAWS § 750.520b(1)(c). On February 19, 2002, the trial court sentenced Petitioner to imprisonment for 450 to 675 months with credit for 354 days. Petitioner applied for leave to appeal, but the Michigan Court of Appeals denied

his application "for lack of merit in the grounds presented." *People v. Reeves*, No. 245663 (Mich. Ct. App. Feb. 6, 2003). On August 29, 2003, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Reeves*, No. 123584 (Mich. Sup. Ct. Aug. 29, 2003). The deadline for filing a petition for the writ of certiorari in the United States Supreme Court expired ninety days later on November 27, 2003.

Petitioner signed his habeas petition on December 14, 2004. The sole ground for relief alleges ineffective assistance of counsel. Petitioner contends that his attorney did not object to incorrect scoring of certain offense variables, which are used to determine the state sentencing guidelines.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Petitioner has not alleged that there was an impediment to filing his habeas petition, and he is not relying on a newly recognized constitutional right or newly discovered evidence. Therefore, the statute of limitations began to run when his conviction became final. A conviction becomes final under § 2244(d)(1)(A), and the statute of limitations begins to run, when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000)). Direct review of Petitioner's conviction came to an end in state court on August 29, 2003, when the Michigan Supreme Court denied leave to appeal. Petitioner had ninety days from that date, or until November 27, 2003, to seek a writ of certiorari in the United States Supreme Court. *See* Sup. Ct. R. 13.1. Thus, his conviction became final, for purposes of § 2244(d)(1)(A), on November 27, 2003. The federal statute of limitations began to run on the following day, Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 285, and it expired 365 days later on November 26, 2004. Because Petitioner filed his habeas petition more than two weeks later on December 14, 2004,[1] the habeas petition is time-barred, absent tolling.

## B. Equitable Tolling

---

[1] The Court deems the habeas petition "filed" on the date that Petitioner signed it and presumably gave it to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that the prisoner's notice of appeal was "filed" at the time he delivered it to prison officials for forwarding to the court clerk ); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (stating that, "[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts"); *see also Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (stating that "[l]iberal application of the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed").

The habeas statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), but a litigant who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, __ U.S. __, __, 125 S. Ct. 1807, 1814 (2005). The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *id*. at 1814 n.8, but the United States Court of Appeals for the Sixth Circuit has concluded "that equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). Equitable tolling is appropriate only "after a court has properly considered and balanced the factors set out in *Andrews v. Orr,* [851 F.2d 146 (6th Cir. 1988)] unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.

> In applying this test, [courts] look to the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Id*. at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement. Nor has he shown that he was diligent in pursuing his rights after his conviction became final in state court. Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and

the Court has no reason to believe that ignorance of the filing requirement was reasonable. Furthermore, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

"[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). This exception to the rule does not apply here, because Petitioner pleaded guilty to the offense for which he was convicted.

### III. Conclusion

Petitioner's conviction became final more than a year before he filed his habeas corpus petition, and equitable tolling is not appropriate. Accordingly,

**IT IS ORDERED AND ADJUDGED** that Respondent's motion for summary judgment and dismissal of the habeas petition [Doc. #5, Feb. 24, 2005] is **GRANTED**, and the petition for a writ of habeas corpus [Doc. #1, Dec. 20, 2004] is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of appealability ("COA"), he may file a **MOTION** for a COA with this Court within **TWENTY-ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (**"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."** (emphasis added). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **ELEVEN (11) DAYS** of service of Petitioner's

motion for a COA.

                                           s/Paul V. Gadola
                                           PAUL V. GADOLA
                                           UNITED STATES DISTRICT JUDGE

Date: August 1, 2005

---

Certificate of Service

I hereby certify that on   August 2, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                Brenda E. Turner                                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                  Carrlis Reeves                                 .


                                           s/Ruth A. Brissaud
                                           Ruth A. Brissaud, Case Manager
                                           (810) 341-7845